```
           IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

CARRIE MUNCY,
Guardian of Chris Collins, Jr.,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:16-10762

NORFOLK SOUTHERN RAILWAY COMPANY,
a Virginia corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's motion to remand the case to state court. See Doc. No. 1. The removal to federal court took place after a year passed from the time that Plaintiff's complaint was filed. This renders such removal presumptively barred under 28 U.S.C. § 1446(c)(1): "A case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action[.]" In order to avoid § 1446(c)(1)'s one-year bar on removal, Defendant must affirmatively prove that "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C § 1446(c)(1) (emphasis added).

The broader question, then, is: What constitutes "bad faith" under § 1446(c)(1)? The narrower question is whether Plaintiff's conduct constitutes "bad faith." Id. Under this

District's jurisprudence, "[i]f a defendant wants the removal to stick, then he or she should be able to show either: (i) that the plaintiff did not litigate at all, or engaged in a mere scintilla of litigation against the removal spoiler; or (ii) that the defendant has <u>strong, unambiguous evidence</u> of the plaintiff's subjective intent, for which the plaintiff cannot offer any plausible alternative explanation." <u>Ramirez v. Johnson & Johnson</u>, 2015 U.S. Dist. LEXIS 102967, *11–12 (S.D.W. Va. 2015) (internal citations and quotation marks omitted) (emphasis added).

Demonstrating such a high burden is an "arduous" and demanding task. <u>Ramirez</u> at *7. And rightly so, for "bad faith," as a legal term of art, is a serious accusation to be leveled and requires much more than a circumstantial pattern of conduct or omission(s). Here, so long as there is "any non-token amount of discovery or other active litigation against" the City of War and Michael Bailey, which were non-diverse defendants, a remand is proper. <u>Id</u>. at *11. The court finds that Plaintiff actively litigated her claims against the City of War even after the one-year anniversary lapsed and that Plaintiff did not act in bad faith within the meaning of 28 U.S.C. § 1446(c)(1). <u>See</u> Doc. No. 8. Accordingly, the court mandates that the case be remanded to state court.

Plaintiff's motion to remand is **GRANTED**, as the matter was removed improvidently and without jurisdiction. The court **REMANDS** this action to the Circuit Court of McDowell County, West Virginia, and **DIRECTS** the Clerk to remove this matter from the court's active docket. Plaintiff's motion to recover all costs and fees incurred as a result of this removal is **DENIED**, for the court concludes that Defendant had a good faith, albeit legally insufficient, reason for removal.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record. The Clerk is also directed to forward a certified copy of this Memorandum Opinion and Order to the Clerk of the Circuit Court of McDowell County, West Virginia.

**IT IS SO ORDERED** this 5th day of January, 2017.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge